[No. 55285-1. En Banc. March 23, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES VERNER ROGERS, *Petitioner.*

*Evans, Craven & Lackie, P.S.,* by *Julie A. Twyford,* for petitioner.

*Donald C. Brockett, Prosecuting Attorney,* and *Ronald W. Skibbie, Deputy,* for respondent.

BRACHTENBACH, J.—Defendant pleaded guilty to first degree robbery. The standard sentencing range for that crime under the Sentencing Reform Act of 1981 (SRA), RCW Title 9.94A, is 31 to 41 months. The trial court imposed an exceptional sentence of 12 months, but subsequently released defendant after he had served 9 months.

The State sought accelerated review of the sentence in the Court of Appeals which remanded for resentencing. We affirm the Court of Appeals, vacate the sentence and remand for resentencing.

The facts bear upon the validity of defendant's exceptional sentence. At the time of the robbery, defendant was a 50–year–old who held two master's degrees, had worked on a doctoral program, had taught school, and served as a school principal. Defendant, after divorce, left his employment, apparently investing in the stock market and living from his capital. For several years he lived in Spokane with a woman and her children. Defendant left Spokane, his purpose and destination unknown from this record. In January 1986, defendant flew from Arizona to Spokane. He used an assumed name and had a round trip ticket. In Spokane he rented a car under an assumed name. He put stolen license plates over the plates of the rented car. Defendant entered a bank; he was armed with two loaded guns, an automatic and a revolver. He handed a prepared note to an employee. One gun was visible in his waistband. At his order several employees were placed in a restroom. The defendant was given money by the bank employee. The defendant appeared to be coherent, in control of himself, and conscious of his surroundings. The defendant left the bank at that point and got into his vehicle. Unbeknownst to him, some red dye tear gas packs had been placed in with the money that he had stolen. These red dye tear gas packs exploded in his vehicle, and defendant lost control of the vehicle and ran into a snowbank in the parking lot. After being unable to free his vehicle from the snowbank, the defendant ran from the scene covered in red dye. He was apprehended from his hiding place about one block away. When apprehended, the defendant had $23,800 in traveler's checks and $11,803 in currency from the bank.

The first question arises from the release of defendant from confinement before he completed the 12–month sentence. We treat this as an issue because of its potential impact upon the decision at resentencing.

At the time of Rogers' release the policy of the SRA was clear: "No person serving a sentence imposed pursuant to this chapter shall . . . be released prior to the expiration of the sentence except as follows: . . ." RCW 9.94A.150. There followed seven exceptions. The statute was amended in 1988, but its purpose and policy remain unchanged. Laws of 1988, ch. 3, § 1 and ch. 153, § 3.

■ We are at a complete loss to know on what authority the defendant sought release or the trial court granted it. The statute prohibits early release absent existence of one of the statutory exceptions. The motion for release is not before us. The order of release contains a finding that "good cause exists to grant said motion." That is a conclusion, not a finding of fact. On this record, the trial court erred in reducing the original sentence. That order is reversed.

The remaining issue is whether the findings of the trial court justify an exceptional sentence, RCW 9.94A.210(4). The trial court based its exceptional sentence upon three findings of fact.

■ One finding was that "defendant has never before been convicted of a crime." That fact does not justify an exceptional sentence. Because criminal history is one of the components used to compute the presumptive range for an offense, it may not be used as a mitigating factor. Such is the clear holding of *State v. Pascal,* 108 Wn.2d 125, 137, 736 P.2d 1065 (1987).

Second, the trial court found that "such emotional and psychological stress [that "stress" is described in our consideration of the third finding] has constituted a form of duress". The trial court specifically referred to what is now RCW 9.94A.390(1)(c), one of the nonexclusive mitigating factors, to wit: "The defendant committed the crime under duress, coercion, threat, or compulsion insufficient to constitute a complete defense but which significantly affected his or her conduct."

While no Washington cases have examined the scope of duress in mitigation of a criminal sentence, it is instructive

to consider the corollary to this mitigating factor: the duress defense established by RCW 9A.16.060. That statute provides:

(1) In any prosecution for a crime, it is a defense that:
(a) The actor participated in the crime under *compulsion by another* who by threat or use of force created an apprehension in the mind of the actor that in case of refusal he or another would be liable to immediate death or immediate grievous bodily injury;

(Italics ours.)

The statute on its face requires compulsion by another as a threshold matter to the defense of duress. The statute's requirement that compulsion derive from some human, or outside force, is a common element in the duress defense. W. LaFave & A. Scott, *Criminal Law* § 5.3, at 432 (2d ed. 1986). Even under statutes that do not explicitly require a threat from a human source, the cases reject use of evidence of mental or emotional conditions as irrelevant to the defense of duress. *See, e.g., Marx v. State,* 291 Ark. 325, 724 S.W.2d 456 (1987).

■ The analogy to RCW 9A.16.060 suggests that duress in mitigation of a criminal sentence must be from an outside force. Because the record in this case establishes no such force, the trial court improperly listed duress as a mitigating factor. Therefore, we hold as a matter of law that duress, as a factor in mitigation of a presumptive sentence, cannot be established by evidence of internal emotional and psychological stress.

Third, the trial court found:

Based on the character statements of relatives and friends, and the medical report of psychologist, Dr. Donald Roberts, Ph.D., the defendant was under severe emotional and psychological stress at the time the offense was committed. His judgment became exceptionally impaired, his thinking irrational and his behavior impulsive.

Finding of fact 2, Clerk's Papers, at 16.

While this finding is mainly supported by the record, it does not meet the standard upon which the trial court specifically relied, to wit:

The defendant's capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law, was significantly impaired (voluntary use of drugs or alcohol is excluded).

RCW 9.94A.390(1)(e); conclusion of law 3, Clerk's Papers, at 17.

For a person of defendant's background to commit this armed robbery, it is natural to believe that his judgment was impaired and his thinking irrational. However, there is no proof that such condition significantly impaired his capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law. If a trial court is to rely specifically upon the quoted statutory language, there must be proof to meet that standard. Indeed, impaired judgment and irrational thinking is inherent in most crimes. The court must find, based upon the evidence, that those factors led to significant impairment of defendant's capacity to appreciate the wrongfulness of his conduct and to conform to the law. There simply is no finding, nor any evidence, to meet this stringent test.

We appreciate that RCW 9.94A.390 lists factors, such as (1)(e), which are illustrative and not exclusive reasons for exceptional sentences. However, when the court specifically cites the factor upon which it relied, the findings must meet the test of that particular factor. This one does not.

In summary, none of the findings of fact of the trial court justify or support an exceptional sentence. The matter is remanded for resentencing.

CALLOW, C.J., and UTTER, DOLLIVER, DORE, PEARSON, ANDERSEN, DURHAM, and SMITH, JJ., concur.