[No. 20838-5-II.   Division Two.   June 13, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. GARY
LEWIS, *Appellant*.

*Jeannette D. Jameson*, for appellant.

*Russell D. Hauge, Prosecuting Attorney*, and *Pamela B. Loginsky, Deputy*, for respondent.

HOUGHTON, C.J. — Gary Lewis appeals from the imposition of consecutive sentences based upon firearm enhancements. We affirm.

Lewis was charged by information with three counts of second degree assault. The information alleged that Lewis used a firearm in committing two of the assaults, both against Kitsap County deputy sheriffs. Lewis agreed to a verdict on submission of stipulated facts. The trial court convicted Lewis of all three counts and found that he was armed with a firearm in committing two of the counts.

The trial court concluded that the Sentencing Reform Act's (SRA) special firearm enhancement provision applied.[1] The court determined that Lewis's standard range for each count to be 15 to 20 months and also determined that two special firearm enhancements of 36 months each applied. The court sentenced Lewis to a total term of 92 months: 20 months for each of the three assaults, to run concurrently, and two 36-month enhancements to run consecutively to the underlying sentence and to each other.

Lewis contends that the trial court erred in ordering that the two firearm enhancements run consecutively with respect to the underlying sentence and each other. He argues that: (1) the statute is ambiguous and should be construed in a light most favorable to him; and (2) consecutive sentences may be imposed only under RCW 9.94A.400.

Under the principles of statutory construction, a statute is not subject to judicial interpretation where its

---

[1]This provision was part of Initiative 159, commonly known as "hard time for armed crime."

language is "plain, unambiguous, and well understood according to its natural and ordinary sense and meaning . . . ." *State v. Thorne*, 129 Wn.2d 736, 762-63, 921 P.2d 514 (1996). The principles of statutory construction also apply to initiatives. *Nelson v. McClatchy Newspapers, Inc.*, 131 Wn.2d 523, 532 n.6, 936 P.2d 1123 (1997).

RCW 9.94A.310(3) provides in relevant part:

> The following additional times shall be added to the presumptive sentence for felony crimes committed after July 23, 1995, if the offender or an accomplice was armed with a firearm as defined in RCW 9.41.010 and the offender is being sentenced for one of the crimes listed in this subsection as eligible for any firearm enhancements based on the classification of the completed felony crime . . . .

> . . . .

> (e) Notwithstanding any other provision of law, any and all firearm enhancements under this section are mandatory, shall be served in total confinement, and shall not run concurrently with any other sentencing provisions.

Although subsection (e) could be more artfully drafted, it requires that "any and all" enhancements not run concurrently with other sentencing provisions. The negative implication is that firearm enhancement must run consecutively with all other sentencing provisions.

Because a firearm enhancement is itself a sentencing provision, subsection (e) requires that multiple enhancements run consecutively. Therefore, we hold that RCW 9.94A.310(3)(e) mandates that each firearm enhancement for multiple current offenses run consecutively.[2]

Lewis's argument that subsection (e) conflicts with the general rule for imposing consecutive sentences established in RCW 9.94A.400 is without merit. By its own language, subsection (e) applies "[n]otwithstanding any

---

[2]Because we conclude that RCW 9.94A.310(3)(e) is not ambiguous, we decline Lewis's request to construe it liberally in his favor. *See, e.g., State v. Lively*, 130 Wn.2d 1, 14, 921 P.2d 1035 (1996) (holding that the rule of lenity is inapplicable where the disputed statute is unambiguous).

other provision of law." Therefore, we hold that to the extent it mandates that firearm enhancements run consecutively with other sentencing provisions, RCW 9.94A.310 supersedes RCW 9.94A.400.

Affirmed.

MORGAN and SEINFELD, JJ., concur.

Review granted at 134 Wn.2d 1007 (1998).