[No. 16054-8-III. Division Three. December 16, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES E. FULLER, *Appellant*.

*Thomas E. Weaver, Jr.*, of *Barker & Howard*, for appellant.

*Steven M. Clem, Prosecuting Attorney*, and *Eric C. Biggar, Deputy*, for respondent.

KATO, J. — After pleading guilty to third degree assault with a deadly weapon, Charles E. Fuller received a seven month sentence, including a deadly weapon enhancement of six months. By an exceptional sentence, the court allowed home detention. The court later modified the judgment and sentence to eliminate home detention. He appeals; we affirm.

Mr. Fuller's standard range sentence was one month for the third degree assault. With the six month deadly weapon enhancement, he received a seven month sentence. The court ordered an exceptional sentence allowing home deten-

tion because of Mr. Fuller's remorse, medical problems,[1] and lack of a prior criminal history.

Two months later the court became concerned it had exceeded its authority and ordered a hearing. Mr. Fuller argued home detention was permissible and his impending back surgery would make total confinement extremely burdensome. Concluding RCW 9.94A.185 prohibited home detention for third degree assault, the court modified the judgment and sentence by eliminating home detention but authorizing work release.

RCW 9.94A.185, setting conditions for home detention, provides in part:

> Home detention may not be imposed for offenders convicted of . . . assault in the third degree as defined in RCW 9A.36.031 . . . .
>
> . . . .
>
> (2) Participation in a home detention program shall be conditioned upon: (a) The offender obtaining or maintaining current employment or attending a regular course of school study at regularly defined hours, or the offender performing parental duties to offspring or minors normally in the custody of the offender, (b) abiding by the rules of the home detention program, and (c) compliance with court-ordered legal financial obligations. The home detention program may also be made available to offenders whose charges and convictions do not otherwise disqualify them if medical or health-related conditions, concerns or treatment would be better addressed under the home detention program . . . . Participation in the home detention program for medical or health-related reasons is conditioned on the offender abiding by the rules of the home detention program and complying with court-ordered restitution.

The statute specifically states home detention may not be imposed for offenders convicted of third degree assault, the offense to which Mr. Fuller pleaded guilty. He thus may not so serve his sentence.

---

[1]Mr. Fuller had a serious back injury which required major surgery in the near future.

But Mr. Fuller contends RCW 9.94A.185(2) allows home detention for him because he has a medical problem. He claims the statute is ambiguous and the Legislature intended that offenders with medical problems be allowed to serve their sentences on home detention, regardless of the nature of their crimes.

Judicial interpretation of a statute is allowed only if the statute is ambiguous. *State v. Hennings*, 129 Wn.2d 512, 522, 919 P.2d 580 (1996). A statute is ambiguous if it is susceptible to more than one meaning. *State v. Johnson*, 119 Wn.2d 167, 172, 829 P.2d 1082 (1992). If a statute is ambiguous, the court should interpret it to give effect to the intent and purpose of the Legislature. *Hennings*, 129 Wn.2d at 522. A statute should be read as a whole, viewing all provisions in relation to the others. *State v. Thorne*, 129 Wn.2d 736, 761, 921 P.2d 514 (1996). A court should avoid construing a statute in a manner which renders a provision meaningless. *State v. Contreras*, 124 Wn.2d 741, 747, 880 P.2d 1000 (1994). A construction which results in unlikely, strange, or absurd consequences should also be avoided. *Id.*

After reviewing the statute, we conclude the Legislature clearly and unambiguously intended that offenders convicted of certain crimes, including third degree assault, be prohibited from serving their sentences on home detention. An offender serving a sentence on home detention must either (1) obtain or maintain regular employment, (2) attend a regular course of school study, or (3) perform parental duties. Home detention may also be made available to offenders "whose charges and convictions do not otherwise disqualify them" if they have a medical condition. RCW 9.94A.185(2). A conviction for third degree assault disqualifies an offender from home detention. This statute is unambiguous. The plain meaning indicates Mr. Fuller may not serve his time on home detention.

Division One recently determined that RCW 9.94A.185 did not violate equal protection. *State v. Wallace*, 86 Wn. App. 546, 556, 937 P.2d 200 (1997). In conducting its analysis, the court considered the purpose of the statute:

[RCW 9.94A.185] provides that participation in home detention is conditioned upon the prisoner's participation in employment, school, or parenting. In addition, prisoners whose health-related conditions would be better addressed at home may participate if their "charges and conviction do not otherwise disqualify them." Clearly, protecting prisoner health is not the sole or even the main purpose of the statute. Rather, it appears that the Legislature found that certain classes of prisoners would be better served in a home detention program.

*Id.* at 555-56. The court noted that, taken to its limit, Mr. Wallace's argument would allow first degree murderers with health problems to qualify for home detention. *Id.* at 556. Likewise, Mr. Fuller's interpretation of the statute would allow the same result. This was not the intent of the Legislature. The medical condition exception applies only if the offender is not otherwise disqualified from home detention.

Mr. Fuller also contends the court may order home detention for the deadly weapon enhancement by imposing an exceptional sentence. When an offender commits a class C felony while armed with a deadly weapon, the court shall add six months to the presumptive sentence range. RCW 9.94A.310(4)(c). Third degree assault is a class C felony. RCW 9A.36.031(2). Since Mr. Fuller committed the assault with a deadly weapon, the court added six months to the sentence.

■ RCW 9.94A.310(4)(e) provides:

Notwithstanding any other provision of law, any and all deadly weapon enhancements under this section are mandatory, shall be served in total confinement, and shall not run concurrently with any other sentencing provisions.

This statute requires sentence enhancements to be served in total confinement. Total confinement is confinement to an institution for 24 hours a day. RCW 9.94A.030(35). Home detention is deemed partial confinement. RCW 9.94A.030(26).

■ RCW 9.94A.120(2) permits a court to depart from

the presumptive sentence in particular situations. But RCW 9.94A.310(4)(e) applies "notwithstanding any other provision of law." The Legislature intended this section to take precedence over other provisions, including those permitting exceptional sentences. *See State v. Lewis*, 86 Wn. App. 716, 718-19, 937 P.2d 1325 (1997) (the deadly weapon enhancement statute supersedes RCW 9.94A.400 as it pertains to the rules for imposing consecutive sentences). Under RCW 9.94A.310(4)(e), the court has no discretion and must impose total confinement for the deadly weapon enhancement.[2]

 Mr. Fuller further claims the Legislature exceeded its authority and violated the separation of powers doctrine by requiring deadly weapon enhancements to be served in total confinement. Washington has long held that the authority to determine the sentencing process lies with the Legislature. *Thorne*, 129 Wn.2d at 767-68; *State v. Ammons*, 105 Wn.2d 175, 180, 713 P.2d 719, 718 P.2d 796, *cert. denied*, 479 U.S. 930 (1986). A court has discretion to sentence an offender only in areas where it has been granted such discretion. *Thorne*, 129 Wn.2d at 768. A trial judge has no constitutional right to fashion a punishment when the Legislature has determined that a court may not deviate from the penalty imposed in the statute. *Id.* Its authority to structure a trial court's discretion, if any, does not infringe upon judicial authority or violate the separation of powers doctrine. *Ammons*, 105 Wn.2d at 181. The Legislature had the authority to enact RCW 9.94A.310(4)(e), which removed all discretion from the trial judge and mandated total confinement for deadly weapon enhancements. The statute is constitutional and does not violate the separation of powers doctrine.

Affirmed.

---

[2]Although the court authorized work release for Mr. Fuller, work release also is not total confinement. RCW 9.94A.030(26). However, neither party appeals that part of the order.

SWEENEY, C.J., and KURTZ, J., concur.