IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44821-1-II |
| Appellant, | |
| v. | |
| LAUREN LUCILLE WRIGHT, | UNPUBLISHED OPINION |
| Respondent. | |

MELNICK, J. — The State appeals the exceptional sentence below the standard range imposed after a jury found Lauren Lucille Wright guilty of vehicular assault and third degree assault. The State argues that Wright's age and lack of judgment did not justify an exceptional sentence and that the trial court lacked authority to order Wright to serve all but three days of her sentence on electronic home monitoring. We agree with the State and therefore we reverse and remand for the imposition of a standard range sentence.

FACTS

On June 22, 2010, Wright's car collided head on with a car driven by Karin Lundy. Lundy suffered several broken bones and her passenger suffered minor injuries. Wright had turned 18 years old nine months before the collision. The State charged her by amended information with vehicular assault and third degree assault.

At her trial, a state trooper testified that the collision occurred on Sedgwick Road, a two lane road with a 45 mile per hour speed limit. Wright drove in a no-passing zone marked with a solid double yellow line. The drivers of a car and a semi-truck testified that Wright passed them moments before colliding with Lundy, who had just turned left onto Sedgwick Road. The truck driver testified that Wright was driving 60-65 miles per hour as she passed.

Wright talked to an investigating officer and admitted that she drove 60-70 miles per hour because she was late to pick up her mother at the ferry. Wright acknowledged she exceeded the speed limit and said that she did not take a different road because cars on that road "go slow, and it's hard to pass cars." II Report of Proceedings (RP) at 131. Wright admitted to the officer that the accident might have been avoided if she had driven slower and honked her horn.

Wright testified that she had been driving for 8-9 months before the accident. While unfamiliar with the location of the accident, she knew Sedgwick Road had a 45 mile per hour speed limit. She explained to the jury that she sped because her mother was waiting. She admitted that she might have crossed a solid line to pass the vehicles in front of her and that her speeding could have contributed to the collision. She testified that she completed the pass and then swerved left to avoid the accident. The State's accident reconstructionist testified that the cars collided when Wright was travelling eastbound in the westbound lane and Lundy was attempting to turn left into the westbound lane.

The jury found Wright guilty on both counts.[1] The State submitted a sentencing memorandum supporting its position that Wright's standard range was 6-12 months and that her offenses did not allow home monitoring as a sentencing option. The defense conceded that the court could not impose electronic home monitoring but argued for an exceptional sentence downward on the bases that the victim initiated the incident, insurance existed to compensate her, Wright had no criminal history, and she was only 18 at the time of the collision. The defense asked the court not to impose jail time.

---

[1] The jury was instructed solely on the "reckless" prong of vehicular assault. *See* RCW 46.61.522(1)(a).

2

At the sentencing hearing, the trial court acknowledged that electronic home monitoring and a first-offender waiver were unavailable due to the nature of Wright's offenses. The trial court added, however, that electronic home monitoring could be imposed as part of an exceptional sentence.

The trial court rejected Wright's request for an exceptional sentence on the first three bases listed above. But, the court then noted that while age alone could not support a mitigated sentence, cases showed that "crimes that are typical of teenagers showing a lack of judgment might fit within the statutory mitigating factor that states that the defendant's capacity to appreciate his or her conduct is impaired." RP (Apr. 5, 2013) at 40. The court concluded that Wright's lack of judgment because of her age and inexperience provided a substantial and compelling reason to impose a mitigated exceptional sentence.

The trial court referred to unpublished authority in concluding that it could order electronic home monitoring as part of an exceptional sentence. The court imposed a sentence of six months, with all but three days of it to be served on electronic home monitoring. It denied the State's motion for reconsideration. The trial court entered findings of fact and conclusions of law in support of the exceptional sentence. The pertinent findings provide:

IX.
Ms. Wright was intentionally driving well over the speed limit, passing vehicles, and passed in a no-passing zone on a hill, which resulted in a collision.

X.
It is unlikely that Ms. Wright is going to learn anything from spending time in jail.

XI.
Ms. Wright's testimony reflects an immature approach to life, not uncommon to young people who have yet to reach a point in their life where they appreciate that taking responsibility for their actions is always the right thing to do.

### XII.

Ms. Wright's emotional state contributed to this offense. This left the Court believing that Ms. Wright's apparent lack of insight into her own responsibility is unlikely to be repeated in the future.

### XIII.

At the time of the incident, Ms. Wright was barely 18 years old, and it was very clear that Ms. Wright [was] a new driver.

Clerk's Papers (CP) at 74. The court then added these conclusions of law:

### XII.

The *Ha'mim* decision (*State v. Ha'mim*, 132 Wn.2d 834 (1997)[)] states that crimes that are typical of teenagers showing a lack of judgment might fit within the statutory mitigating factor that states that the defendant's capacity to appreciate his or her conduct is impaired. It is the Court's conclusion that [RCW] 9.94A.535 and the relevant Washington state case law grants the Court the authority to consider a person's age as to whether it significantly impaired Ms. Wright's capacity to conform to the requirements of the law.

The *Ha'mim* court indicates that a Court can consider this when this is the type of offense that is typical of a youthful offender, and the Court doesn't believe there are many more offenses that are typical of youthful offenders in Superior Court felonies than this type of offense, which is typically committed by young persons in particular.

As a result, the Court finds there are facts in the record that support, by a preponderance of the evidence, that Ms. Wright's lack of judgment due to her age and inexperience warrants a finding that there is a substantial and compelling reason to deviate below the standard range sentence.

### XIII.

The Court finds, pursuant to some unpublished opinions that were helpful in guiding the Court in fashioning the sentence, that home monitoring can be ordered as an exceptional sentence when the statute prohibits it.

### XIV.

As a result, the Court sentenced Ms. Wright to six months in custody, with three days to be served in custody at the jail, and the remainder to be served on home monitoring.

CP 76-77.

The State appeals Wright's exceptional sentence.[2]

---

[2] We granted the State's motion to stay the sentence pending the outcome of this appeal.

ANALYSIS

I.   DEPARTURE FROM THE STANDARD RANGE

A trial court generally must impose a sentence within the standard range established in the Sentencing Reform Act of 1981 (SRA). *State v. Fowler*, 145 Wn.2d 400, 404, 38 P.3d 335 (2002); RCW 9.94A.505(2)(a)(i). A trial court may impose a sentence outside the standard range if it finds that substantial and compelling reasons justify an exceptional sentence. *State v. Statler*, 160 Wn. App. 622, 639, 248 P.3d 165 (2011); RCW 9.94A.535. In reviewing an exceptional sentence, we may reverse if we find

> (a) . . . that the reasons supplied by the sentencing court are not supported by the record which was before the judge or that those reasons do not justify a sentence outside the standard range for that offense[.]

RCW 9.94A.585(4).

The SRA contains a list of aggravating and mitigating factors that the court may consider in exercising its sentencing discretion. *Fowler*, 145 Wn.2d at 404; RCW 9.94A.535. Although this list is not exclusive, the reasons must relate to the crime and make it more, or less, egregious. *Fowler*, 145 Wn.2d at 404. In other words, any reasons that are relied on for deviating from the standard range must "'distinguish the defendant's crime from others in the same category.'" *Fowler*, 145 Wn.2d at 405 (quoting *State v. Gaines*, 122 Wn.2d 502, 509, 859 P.2d 36 (1993)).

In imposing an exceptional sentence, a court may not take into account the defendant's criminal history. *Fowler*, 145 Wn.2d at 405. Nor may a court base an exceptional sentence on factors personal in nature to a particular defendant, including the defendant's age. *State v. Law*, 154 Wn.2d 85, 97-98, 110 P.3d 717 (2005); *State v. Ha'mim*, 132 Wn.2d 834, 846-47, 940 P.2d 633 (1997).

In *Ha'mim*, the defendant was 18 when she committed first degree robbery. 132 Wn.2d at 837. The trial court imposed an exceptional sentence downward based on her youth and lack of prior police contacts. 132 Wn.2d at 837. Because the nature of the defendant's offense made her ineligible for the first-time offender option, the Supreme Court concluded that her lack of criminal history could not justify an exceptional sentence. *Ha'mim*, 132 Wn.2d at 845.

The court then considered whether the defendant's youth should be considered as a mitigating factor. *Ha'mim*, 132 Wn.2d at 845. The court concluded that age alone could not be used to justify an exceptional sentence but that age was relevant to whether the defendant's capacity to appreciate the wrongfulness of her conduct or to conform her conduct to the requirements of the law was significantly impaired. *Ha'mim*, 132 Wn.2d at 846 (citing statutory mitigating factor currently codified as RCW 9.94A.535(1)(e)). The trial court made no such finding in the *Ha'mim* case, and the Supreme Court concluded that the defendant's age alone was insufficient to show that her capacity to appreciate the wrongfulness of her conduct or to conform it to the requirements of the law was in any way impaired. 132 Wn.2d at 846.

The *Ha'mim* decision confirms that the "significant impairment" mitigating factor is a "stringent test." *State v. Rogers*, 112 Wn.2d 180, 185, 770 P.2d 180 (1989). As the *Rogers* court explained, "[I]mpaired judgment and irrational thinking is inherent in most crimes. The court must find, based upon the evidence, that those factors led to significant impairment of defendant's capacity to appreciate the wrongfulness of his conduct and to conform to the law." 112 Wn.2d at 185. In *Rogers*, where the highly educated defendant, who had taught school and served as a school principal, pleaded guilty to first degree robbery, this evidence did not exist. 112 Wn.2d at 181-82. The Supreme Court reversed his exceptional sentence downward after concluding that even if the defendant's judgment was impaired and his thinking irrational, no proof existed that

this condition significantly impaired his capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law. *Rogers*, 112 Wn.2d at 185. Similarly, the fact that another defendant was "extremely emotionally distressed" at the time of his offense did not alone prove the significant impairment required to support a mitigated exceptional sentence. *State v. Hobbs*, 60 Wn. App. 19, 24, 801 P.2d 1028 (1990).

Here, the trial court concluded that Wright's lack of judgment due to her age and inexperience significantly impaired her capacity to conform to the requirements of the law. This conclusion is similar to the reasoning that the Supreme Court rejected in *Ha'mim*. The *Ha'mim* court rejected the argument that a defendant's youth justifies an exceptional sentence because young people tend to exercise poor judgment. 132 Wn.2d at 846. *Ha'mim* thus requires additional evidence that the lack of judgment impaired the defendant's capacity to appreciate the wrongfulness of her conduct or to conform it to the requirements of the law. 132 Wn.2d at 846. Here, Wright admitted that she had been speeding, and she told a trooper that the collision might have been avoided had she been driving the speed limit. No evidence shows that she did not understand that she passed others in a no-passing zone. Consequently, the record does not establish that Wright's lack of judgment significantly impaired her capacity to appreciate the wrongfulness of her conduct or to conform it to the law.

Wright argues on appeal that the trial court properly based its exceptional sentence on her aberrant behavior. The court made no reference to aberrant behavior, finding instead that Wright's offenses were typical of youthful offenders. Moreover, the Supreme Court has held that the aberrational nature of a defendant's crime is not a valid mitigating factor because it is simply another way of saying that the defendant has little or no criminal history, which is taken into consideration in establishing the standard range. *Fowler*, 145 Wn.2d at 407-08.

We hold that the record does not show that the defendant's ability to appreciate the wrongfulness of her conduct was significantly impaired. We hold further that the defendant's age and lack of judgment alone do not warrant an exceptional sentence.

II.    ELECTRONIC HOME MONITORING

Although our conclusion that an exceptional sentence was not warranted does not require us to address the detention that the trial court imposed, we turn to this issue briefly. A trial court may only impose a sentence authorized by statute. *State v. Albright*, 144 Wn. App. 566, 568, 183 P.3d 1094 (2008) (citing *In re Postsentence Review of Leach*, 161 Wn.2d 180, 184, 163 P.3d 782 (2007)). The SRA does not allow a trial court to impose electronic home monitoring for a violent offense or for third degree assault. RCW 9.94A.734(1)(a), (e); RCW 9.94A.030(28).[3] Vehicular assault based on recklessness is a violent offense. RCW 9.94A.030(54)(a)(xiii). Given this statutory prohibition, electronic home monitoring may not be imposed as part of an exceptional sentence. *State v. Fuller*, 89 Wn. App. 136, 139-40, 947 P.2d 1281 (1997); *see also Ha'mim*, 132 Wn.2d at 845 (holding that it would violate intent of SRA to allow exceptional sentence based on the fact that defendant is first-time offender where SRA specifically disallowed first-time offender sentencing option for defendant's offense).

We reverse and remand for the imposition of a standard range sentence.

---

[3] We cite the sentencing statutes as currently codified for ease of reference. *State v. Nava*, 177 Wn. App. 272, 288 n.4, 311 P.3d 83 (2013), *review denied*, 179 Wn.2d 1019 (2014).

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Johanson, C.J.

_____
Bjorgen, J.

9