IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34933-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JONATHAN S. KINSMAN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Jonathan Kinsman appeals from a standard range sentence for ten counts of possessing and disseminating child pornography. Since the trial court was not convinced that he established the mitigating factor he was relying on, there was no error.

FACTS

Mr. Kinsman receives disability benefits due to several psychological conditions, including one that an evaluator described as a developmental[1] disorder, which makes social interactions stressful to him. Nonetheless, his cognitive abilities rank toward the higher end of the "average" spectrum.

---

[1] Also described as "high functioning autistim." Clerk's Papers at 71.

A police child pornography investigation led to the issuance of a search warrant for Mr. Kinsman's computer. Police recovered over 1100 images of suspected child pornography, leading prosecutors to file 21 charges. An agreement was reached and Mr. Kinsman pleaded guilty to nine counts of possession of a minor engaging in explicit sexual conduct and one count of disseminating such images. The prosecutor agreed to recommend a sentence of 96 months in prison, while the defense sought an exceptional sentence.

The defense sought a treatment based sentence consistent with the approach of a special sexual offender sentencing alternative (SSOSA), arguing that three mitigating factors were available: (1) Mr. Kinsman was unable to appreciate the wrongfulness of his conduct, (2) the appropriate sentencing alternative was not available, and (3) the sentence was clearly excessive. The argument was supported by evaluations, including from a treatment provider, suggesting that prison would only exacerbate Mr. Kinsman's problems.

The trial judge concluded that Mr. Kinsman had not established that his condition rose to the level of being unable to appreciate the wrongfulness of his conduct, the absence of SSOSA for his offenses was not a basis for declaring an exceptional sentence, and that the standard range was not excessive for his conduct. The court imposed a low end term of 87 months in prison and 36 months of community supervision.

This court permitted Mr. Kinsman to file an untimely appeal due to lack of advice at sentencing concerning his appeal rights. A panel considered the case without argument.

ANALYSIS

Mr. Kinsman argues on appeal that the trial court abused its discretion in denying his request for an exceptional sentence due to his mental health condition.[2] We disagree.

An exceptional sentence is appropriate when the facts of a case are atypical and result in a harm either more or less egregious than the norm. *E.g.*, *State v. Akin*, 77 Wn. App. 575, 892 P.2d 774 (1995) (escape was less egregious than typical, justifying mitigated sentence). "A sentence within the standard sentence range . . . for an offense shall not be appealed." RCW 9.94A.585(1). This means, generally, that a party cannot appeal a standard range sentence. *State v. Williams*, 149 Wn.2d 143, 146, 65 P.3d 1214 (2003). Thus, "so long as the sentence falls within the proper presumptive sentencing ranges set by the legislature, there can be no abuse of discretion as a matter of law as to the sentence's length." *Id.* at 146-147.

---

[2] Although Mr. Kinsman argues that the purposes of the Sentencing Reform Act also justified an exceptional sentence, those purposes cannot alone justify an exceptional sentence since those purposes are already reflected in the legislature's determination of the standard range. *E.g.*, *State v. Law*, 154 Wn.2d 85, 97, 110 P.3d 717 (2005). We consider his argument as supporting his chosen sentence rather than as a separate basis for imposing a mitigated sentence.

There are some exceptions to this general prohibition. *Id*. at 147. A party's right to "challenge the underlying legal conclusions and determinations by which a court comes to apply a particular sentencing provision" is not barred by the prohibition. *Id.* An appellate court may review a standard range sentence resulting from constitutional error, procedural error, an error of law, or the failure to exercise discretion. *E.g.*, *id.* (State can appeal determination of a defendant's eligibility for a sentencing alternative); *State v. Mail*, 121 Wn.2d 707, 712, 854 P.2d 1042 (1993) (defendant can challenge a trial court's failure to follow a specific sentencing provision); *State v. Ammons*, 105 Wn.2d 175, 183, 713 P.2d 719, 718 P.2d 796 (1986) (defendant can challenge trial court's failure to comply with mandatory procedures); *State v. McGill*, 112 Wn. App. 95, 100, 47 P.3d 173 (2002) (sentencing court erred when it failed to recognize it had authority to impose an exceptional sentence).

Trial judges exercise structured discretion given by the legislature. *Ammons*, 105 Wn.2d at 182-183. Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). A reviewing court does not find facts and has no ability to believe that which the trial court chose not to believe. *Quinn v. Cherry Lane Auto Plaza*, 153 Wn. App. 710, 717, 225 P.3d 266 (2009).

Here, Mr. Kinsman argued at trial that a statutory mitigating factor applied:

> The defendant's capacity to appreciate the wrongfulness of his or her
> conduct, or to conform his or her conduct to the requirements of the law,
> was significantly impaired. Voluntary use of drugs or alcohol is excluded.

RCW 9.94A.535(1)(e).[3] On appeal, Mr. Kinsman argues that the mitigating factors

recognized in our statutes are illustrative and not exclusive, and, thus, the trial court could

have found his mental health to be a mitigating factor even if his condition did not arise

to the level of the statutory mitigating factor. While that observation is correct, it is

legally unavailing.

The primary problem is that Mr. Kinsman attempted to establish the statutory

mitigating factor rather than a different, unarticulated standard. The trial court cannot be

faulted for failing to exercise discretion in favor of a mitigating factor it was not asked to

consider.

A second problem is that Mr. Kinsman now focuses on his own condition instead

of how that condition related to the commission of the crime. Since the enactment of our

---

[3] To justify an exceptional sentence under this provision, a defendant must prove impairment in his or her capacity to think and act in conformity with the law. *State v. Rogers*, 112 Wn.2d 180, 185, 770 P.2d 180 (1989). Impaired judgment and irrational thinking, alone, are insufficient to establish the mitigating circumstance. *Id.* Mr. Rogers was a 50-year-old, highly-educated former schoolteacher and school principal, whom the trial judge determined was acting under severe stress. *Id.* at 182, 184. On review, the court found no proof that the stress Rogers experienced significantly impaired his capacity to appreciate the wrongfulness of his conduct. *Id.* at 185. The court reversed on that basis and made clear that the test is "stringent." *Id.*

current sentencing act, trial courts must apply the statutes equally "without discrimination as to any element that does not relate to the crime or the previous record of the defendant." RCW 9.94A.340. The personal circumstances of an adult actor are relevant only as they relate to the criminal incident. Here, Mr. Kinsman appropriately made that argument to the trial court in terms of how his condition made him unable to appreciate the wrongfulness of his conduct. He did not attempt to explain what other impact his condition might have had on the criminal activity.

Mr. Kinsman made a pitch for the statutory factor and failed to establish it. The trial court had a very tenable reason for exercising its discretion as it did. There was no abuse of that discretion.

The judgment is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Siddoway, J.

6