**Dennis Harold MUNDT,**
**Plaintiff-Appellant,**

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

**No. 77–1519.**

United States Court of Appeals,
Ninth Circuit.

Jan. 3, 1980.

Atmore Baggot, Phoenix, Ariz., for plaintiff-appellant.

James P. Loss, Asst. U.S. Atty., Phoenix, Ariz., for defendant-appellee.

Before KENNEDY and ALARCON, Circuit Judges, and GRANT,* District Judge.

KENNEDY, Circuit Judge:

Plaintiff Dennis Mundt appeals from a summary judgment entered against him on his suit for false imprisonment under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and § 2680(h). Mundt claimed that he had been illegally detained beyond the expiration of his sentence for postal offenses. Because we conclude that Mundt did not establish a prima facie case of false imprisonment under Arizona law, we affirm.

In 1973 Mundt was indicted for assault, forgery and postal offenses. When he refused to furnish handwriting exemplars, Mundt was held in civil contempt and ordered to prison until he complied. He was later convicted of the postal offenses and sentenced to a two-year term.

In 1975 Mundt moved for reduction of sentence, relying upon 28 U.S.C. § 2255. The district court ruled that the sentence for postal offenses commenced after the period of confinement for civil contempt.

---

* Honorable Robert A. Grant, Senior United States District Judge for the District of Indiana, sitting by designation.

On appeal, this court reversed. We ruled that the two-year sentence ran concurrently with the contempt confinement, rather than consecutively to it. Because Mundt had already served two years and seventy-eight days from the date of his sentencing, we ordered his immediate release. *Mundt v. United States,* No. 75–2240 (9th Cir. Sept. 29, 1975).

Mundt then brought this civil action, claiming that he was falsely imprisoned during the seventy-eight days following the expiration of his two-year term. The district court ruled that an essential element of false imprisonment under Arizona law, unlawful confinement, was not present, and, alternatively, that the Government was exempt from liability under 28 U.S.C. § 2680(a) because its officials exercised due care in the execution of a statute. Mundt appeals these rulings.

■ Actions brought under the Federal Tort Claims Act are governed by the law of the place where the act or omission causing the injury occurred. *See* 28 U.S.C. § 1346(b); *Massachusetts Bonding & Insurance Co. v. United States,* 352 U.S. 128, 77 S.Ct. 186, 1 L.Ed.2d 189 (1956); *Campbell v. United States,* 493 F.2d 1000 (9th Cir. 1974); *United States v. DeCamp,* 478 F.2d 1188 (9th Cir.), *cert. denied,* 414 U.S. 924, 94 S.Ct. 232, 38 L.Ed.2d 158 (1973). The parties agree that the Arizona law of false imprisonment governs this action.

■ The crime of false imprisonment was defined in Ariz.Rev.Stat. § 13–961(A) at the time of Mundt's imprisonment as "the unlawful violation of the personal liberty of another." In discussing the prima facie elements of a tort action for false imprisonment, the Supreme Court of Arizona declared:

> [False imprisonment] may be defined as the detention of a person without his consent and without lawful authority. The essential element necessary to constitute either false arrest or false imprisonment is unlawful detention. A detention which occurs pursuant to legal authority, such as a valid warrant, is not an unlawful detention. If the arrest or imprison-
> ment has occurred pursuant to valid legal process, the fact that the action was procured maliciously and without probable cause does not constitute false arrest or false imprisonment.

*Slade v. City of Phoenix,* 112 Ariz. 298, 300, 541 P.2d 550, 552 (1975) (citations omitted). *See also Cullison v. City of Peoria,* 120 Ariz. 165, 584 P.2d 1156 (1978). As Harper and James note: "If the imprisonment is under legal process but the action has been carried on maliciously and without probable cause, it is malicious prosecution. If it has been extrajudicial, without legal process, it is false imprisonment." 1 F. Harper & F. James, Law of Torts 232 (1956).

■ Here Mundt was unquestionably detained pursuant to valid legal process. His confinement for contempt was proper and his conviction for postal offenses was upheld by this court on appeal. When this court ruled that the contempt confinement and sentence for postal offenses were to run concurrently because of the presumption of concurrent sentences, *see Payne v. Madigan,* 274 F.2d 702 (9th Cir. 1960), *aff'd,* 366 U.S. 761, 81 S.Ct. 1670, 6 L.Ed.2d 853 (1961), this did not render any of the proceedings under which Mundt was confined illegal in the tortious meaning of that term. While it is true that the Arizona cases which discuss the question of what constitutes valid legal process have done so in the context of confinement pursuant to an arrest, we believe that the Supreme Court of Arizona would hold that a confinement effected pursuant to a lower court judgment which is reversed on appeal would also constitute a detention pursuant to valid legal process.

■ In 1978 the Arizona legislature amended the false imprisonment statute. The statute now explicitly provides that it is a defense to the crime of false imprisonment that "[t]he restraint was accomplished by a peace officer acting in good faith in the lawful performance of his duty." Ariz. Rev.Stat. § 1303. The amendment occurred subsequent to the acts at issue in this proceeding and only relates to the crime of

false imprisonment. We believe, however, that this provision did no more than to codify the existing Arizona common law of false imprisonment, and this strengthens our conclusion that Mundt's claim is defective under Arizona law. That the federal officers who continued to confine Mundt were acting in good faith has been stipulated by the parties for the purpose of the summary judgment motion; the execution of a court order by an officer unquestionably constitutes "the lawful performance of his duty."

Mundt has not made out a claim for false imprisonment under Arizona law. The district court's decision to this effect is correct. Because of our conclusion regarding this issue, it is unnecessary for us to address the question of whether the due care provisions of 28 U.S.C. § 2680(a) apply to the intentional torts specified in section 2680(h).

AFFIRMED.