598

SWEENEY and KATO, JJ., concur.

[No. 41843-2-I.    Division One.    August 16, 1999.]
*In the Matter of the Personal Restraint of* MATTHEW S.
CROWDER, *Petitioner.*

*Christopher Gibson* of *Nielsen Broman & Associates,
P.L.L.C.*, for petitioner.

*Christine O. Gregoire, Attorney General*, and *Donna H.
Mullen, Assistant*, for respondent.

GROSSE, J. — Matthew Crowder has a limited liberty interest in early release into a community custody program but we do not agree with his assertion that the Washington State Department of Corrections (DOC) deprived him of this liberty interest by denying him 101 days of earned early release credits. The grant or denial of community custody placement upon the earning of early release credits requires minimal due process, but, contrary to Crowder's claim, he was afforded due process in his attempts to find suitable community placement.

On an *Alford*[1] plea, Crowder was convicted of two counts of third degree rape of a child. He was sentenced to two concurrent terms of 60 months' confinement. Crowder was eligible for placement in community custody[2] on October 24, 1997. However, he was not released into community custody until February 2, 1998, 101 days after his earned early release date for community custody. Before his release he filed this personal restraint petition and asserted that although he had been granted earned early release credits, they were being arbitrarily denied without due process.[3]

The State concedes that Crowder was eligible for transfer into community custody on October 24, 1997 due to earned early release credits. However, the State does not agree that Crowder was therefore entitled to release. The State maintains that due to Crowder's own noncompliance with sexual predator release factors or other DOC program factors, Crowder could not be released.

---

[1]*North Carolina v. Alford*, 400 U.S. 25, 31, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2]Community custody and community placement, as defined by RCW 9.94A-.030(4) and (5) and Policy Number 350.200 of the DOC, is that portion of an inmate's sentence of confinement granted in lieu of earned early release time in which the offender is subject to the conditions of community custody and/or post release supervision.

[3]The State concedes this petition is not moot because continuing supervision in community custody continues as an affirmative restraint. RAP 16.4(b).

■ The statutory right to earned early release credit creates a limited liberty interest requiring minimal due process.[4] Initially the State argues that Crowder no longer possesses a limited liberty interest after the U.S. Supreme Court decision in *Sandin v. Conner*.[5] While the argument may have some appeal and potential merit, the final determination of the effect of *Sandin* is left to our State Supreme Court.

It is important to note that unlike other offenders in the Sentencing Reform Act of 1981 (SRA), offenders like Crowder, who are subject to statutory community custody or placement restrictions, are "excluded" from the program allowing general release based on earned early release credits. RCW 9.94A.150(2). Instead of general release, the Legislature specified that community placement offenders may only become eligible for transfer to community custody status. This transfer is "in lieu of" early release. Thus, the DOC is prohibited from a general release based on earned early release credits, but it has discretion to consider the offender for transfer to community custody.

■ Community custody is the intense monitoring of an offender in the community for a period of at least one year after release or transfer from confinement. Although it has other purposes, community custody continues in the nature of punishment,[6] and is not equivalent to general release. This custody and placement begins upon completion of the term of confinement or at such time as the offender is transferred to community custody in lieu of earned early

---

[4]*In re Personal Restraint of Fogle*, 128 Wn.2d 56, 65-66, 904 P.2d 722 (1995) (citing *In re Personal Restraint of Anderson*, 112 Wn.2d 546, 548, 772 P.2d 510, *cert. denied*, 493 U.S. 1004 (1989)).

[5]*Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995) (Supreme Court redefined the circumstances under which a state may create a liberty interest. The state will be held to create a constitutional liberty interest if the state law affirmatively creates an interest that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.").

[6]*State v. Ross*, 129 Wn.2d 279, 285, 916 P.2d 405 (1996).

release awarded pursuant to RCW 9.94A.150(1) and (2).[7] As noted in RCW 9.94A.120(9)(b), for sex offenders who committed their offenses after July 1, 1990, but before June 6, 1996, the mandatory period of community placement is two years, or up to the period of earned early release credits awarded, whichever is longer.[8]

The DOC followed its program, and Crowder was eventually released into community custody, albeit some 101 days after he could have been placed had the requisite prior approvals been in place.

With DOC's assistance, Crowder was preapproved for early release into a proper community custody placement before the possible release date. However, the day before the scheduled timely release, the "sponsor" or person with whom he was to share housing was charged with fourth degree assault and evicted from her apartment. Placement with this person would have been a violation of Crowder's sentence and the program rules. Crowder's early release was cancelled as being no longer acceptable. His contention that he was not given notice of the denial of this first approved placement has no merit considering the record before the court, which sets forth the placement efforts following the cancellation of his initial placement.

The record shows that Crowder and DOC officials attempted to place him a number of times, but that for legitimate reasons, including Crowder's own withdrawal of a suggested placement plan and/or that the suggested placement would violate the terms of his sentence, successful earlier placement in community custody was prevented. Essentially, Crowder's argument is that it is solely the DOC's responsibility to place him into community custody, or give him a general release on his early release date. This contention is not borne out by the statutory scheme or the guidelines for the DOC program adopted in accord with that scheme.

---

[7]See RCW 9.94A.120(9)(b).

[8]Although not at issue in this case, for sex offenders who committed their crimes on or after June 6, 1996, the period is now three years.

Crowder was not denied due process and his personal restraint petition is denied.

WEBSTER and BECKER, JJ., concur.

