[No. 57526-1-I.   Division One.   May 29, 2007.]

THE STATE OF WASHINGTON, *Respondent*, v. DALE E. GARTRELL, *Appellant*.

788

*Christopher Gibson* (of *Nielsen, Broman & Koch, PLLC*), for appellant.

*Janice E. Ellis, Prosecuting Attorney,* and *Charles F. Blackman, Deputy,* for respondent.

¶1 ELLINGTON, J. — Dale Gartrell violated the terms of his special sex offender sentencing alternative (SSOSA) sentence. The court revoked the SSOSA and reinstated a standard range sentence. Gartrell argues that the community custody time he served as part of his SSOSA must be credited towards the community custody time imposed as part of the reinstated sentence. Gartrell misreads the statute. Under RCW 9.94A.670(4), the time a sex offender serves in community custody under a SSOSA is not credited towards community custody time ordered as part of a reinstated, standard range sentence.

## BACKGROUND

¶2 Dale Gartrell was found guilty of second degree child molestation by stipulated bench trial on August 1, 2001.

The court imposed a standard range sentence, which it suspended in favor of a SSOSA. As part of the SSOSA, Gartrell was ordered to serve six months in total confinement, followed by three years of community custody subject to certain mandatory conditions.

¶3 Gartrell completed his six months of total confinement on January 17, 2002. Eleven months later, the court revoked his SSOSA for violations of the sentence conditions and reinstated the original sentence of 20 months of confinement and 36 to 48 months of community custody. The court credited the 6 months Gartrell spent in prison under the SSOSA against the 20 months' confinement imposed under the reinstated sentence. But the court refused to credit the time served on community custody during the SSOSA against the community custody required by the reinstated sentence. Gartrell appeals.

## ANALYSIS

¶4 This is a question of statutory interpretation. Courts interpreting statutes first attempt to give effect to the plain meaning of the words used by the legislature. *Advanced Silicon Materials, LLC v. Grant County*, 156 Wn.2d 84, 89, 124 P.3d 294 (2005). We examine each provision in relation to other provisions and seek a consistent construction of the whole. *Id.*

¶5 Revocation of Gartrell's suspended sentence occurred as allowed by RCW 9.94A.670(10):

The court may revoke the suspended sentence at any time during the period of community custody and order execution of the sentence if: (a) The offender violates the conditions of the suspended sentence, or (b) the court finds that the offender is failing to make satisfactory progress in treatment. All confinement time served during the period of community custody shall be credited to the offender if the suspended sentence is revoked.

¶6 Gartrell relies upon the final sentence of this provision. He contends that community custody is a form of confinement. For this proposition, Gartrell relies solely on

the definition of "community custody," adding emphasis as follows:

"Community custody" means that portion of an offender's sentence of *confinement* in lieu of earned release time or *imposed* pursuant to RCW 9.94A.505(2)(b), 9.94A.650 through 9.94A.670, 9.94A.690, 9.94A.700 through 9.94A.715, or 9.94A-.545, served in the community subject to controls placed on the offender's movement and activities by the department.

RCW 9.94A.030(5) (emphasis added). Under this definition, Gartrell argues, all time spent in community custody is time spent in confinement, and under RCW 9.94A.670(10), that time must be credited against the reimposed sentence.

¶7 Gartrell's interpretation ignores the full text of the section. "Confinement in lieu of earned early release time" is one avenue to community custody, usually where an offender is not eligible for early release on good time credit except to community custody status. RCW 9.94A.728; *In re Pers. Restraint of Crowder*, 97 Wn. App. 598, 600, 985 P.2d 944 (1999). Gartrell's community custody was imposed as a condition of the SSOSA. RCW 9.94A.670.

¶8 Further, "confinement" is defined as "total or partial confinement." RCW 9.94A.030(11). "Total confinement" means confinement inside the physical boundaries of a state facility 24 hours a day. RCW 9.94A.030(47). "Partial confinement" means confinement for 12 months or less in a state facility for a substantial portion of each day, or, if home detention or work crew has been ordered, confinement in an approved residence for a substantial portion of each day. RCW 9.94A.030(32). Community custody is plainly not confinement.

¶9 The SSOSA statute itself differentiates between confinement and community custody:

(a) The court shall order the offender to serve a term of confinement of up to twelve months or the maximum term within the standard range, whichever is less. . . . The court may order the offender to serve all or part of his or her term of confinement in partial confinement. An offender sentenced to a

term of confinement under this subsection is not eligible for earned release . . . .

(b) The court shall place the offender on community custody for the length of the suspended sentence, the length of the maximum term imposed pursuant to RCW 9.94A.712 [for more serious sex crimes], or three years, whichever is greater.

RCW 9.94A.670(4).

¶10 Finally, an offender on community custody who violates the terms or conditions of the suspended sentence is subject to a confinement sanction. RCW 9.94A.670(9)(a), .737(2)(a). When the court revokes a SSOSA and must credit all confinement time served during the period of community custody, the confinement time to be credited is the total or partial confinement imposed, if any, for violations of community custody.

¶11 RCW 9.94A.670(4) is unambiguous and cannot be interpreted as Gartrell urges. The rule of lenity is therefore of no benefit to him. *In re Pers. Restraint of Bowman*, 109 Wn. App. 869, 875, 38 P.3d 1017 (2001) (courts must identify a statutory ambiguity before applying the rule of lenity). The court properly refused to credit community custody time against the reimposed sentence.

¶12 Affirmed.

COLEMAN and DWYER, JJ., concur.