2014 JUN 23 AM 9: 20



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| RICHARD BLICK, on behalf of himself and others similarly situated, | ) ) ) | No. 70403-6-I |
| Appellants, | ) ) ) | |
| v. | ) ) | |
| STATE OF WASHINGTON, ELDON VAIL, BERNIE WARNER, and DOES 1-20, | ) ) ) ) | PUBLISHED OPINION |
| Respondents. | ) ) ) | FILED: June 23, 2014 |

VERELLEN, J. — The county jail determines a prisoner's earned early release (good time) credit for time served in jail. The Department of Corrections (DOC) must include that credit when computing the date when an individual becomes eligible for transfer to community custody in lieu of earned early release. But regardless of that eligibility date, DOC may deny a transfer to community custody in lieu of earned early release if the prisoner fails to satisfy other statutory prerequisites such as failure to obtain an approved release plan.

Richard Blick sued DOC for the torts of negligence and unlawful imprisonment on the theory that DOC wrongfully refused to honor his 52-day earned early release credit for time he served in jail. But because Blick failed to provide an approved address, DOC was entitled to deny Blick's transfer to community custody in lieu of earned early

release. Such a denial was neither unlawful imprisonment nor negligence. We affirm the trial court's summary judgment order dismissing Blick's lawsuit.

## FACTS

Blick was arrested June 1, 2000. He was held in the King County Department of Adult Detention (jail) for 310 days. Blick accumulated 52 days of earned early release credit pursuant to the jail's procedure.

Blick pleaded guilty to two counts of second degree rape of a child. On March 16, 2001, he was sentenced to the maximum standard range term of 136 months. Blick was credited for time served as determined by the jail. The judgment and sentence also provided for community custody of 36 months or the term of earned early release, whichever was longer. Appendix H of the judgment and sentence explained that "[c]ommunity [c]ustody shall begin upon completion of the term(s) of confinement imposed herein or when the defendant is transferred to [c]ommunity [c]ustody in lieu of earned early release."[1]

Blick was transferred to DOC custody on April 6, 2001. The jail provided DOC a certification and authorization showing that Blick had earned 54 days, later corrected to 52 days, of early release credit. Including credit for time served, Blick's prison maximum expiration date was September 30, 2011.[2] His earned release date was August 9, 2011 (computed by subtracting the 52 days of jail earned early release credit

---

[1] Clerk's Papers at 78.

[2] Blick's prison minimum expiration date was April 19, 2010 (computed by subtracting the 52 days of earned early release credit and the time he could potentially earn while in prison from the prison maximum expiration date). Although Blick earned 90 days of early release credit while in the custody of DOC, he later lost this credit due to an infraction.

and the 0 days of early release credit he earned while in prison from the prison maximum expiration date).

Blick was required to obtain an approved address to be eligible for community custody in lieu of earned early release in accordance with the law in effect on the date of his offense.[3] Blick was unable to obtain an approved address and was not transferred to community custody until his prison maximum expiration date, September 30, 2011.

Blick sued DOC and several of its officers on tort claims of negligence and false imprisonment. Although styled as a class action complaint, Blick has not sought to certify a class. The complaint outlines the "facts" as follows:

> Blick was required to obtain an approved address before he was eligible for release. In the event his release address was approved, he would have been required to wait 35 days for notification before release.
>
> . . . Blick was not able to obtain an approved address and was released to the community on . . . September 30, 2011.
>
> . . . As a result of [DOC's] actions, all 52 days of earned release credits earned in the county jail by Blick were forfeited by the actions of [DOC]. If [DOC] had not forfeited the 52 days of earned release credits granted by the county jail, Blick's release date would have been August 9, 2011.
>
> . . . [DOC] didn't have the statutory authority to cause the forfeiture of the earned release credits earned by Blick because they were earned while he was under the jurisdiction of the King County Jail and in accordance with procedures developed and promulgated by the King County Jail.[4]

---

[3] Former RCW 9.94A.120(10) (1998) (citing former RCW 9.94.120(9)(b)(v) (1998)).

[4] Clerk's Papers at 9-10.

Blick's negligence claim is premised on allegations that DOC had a duty to ensure that the statutes governing the amount of time he would spend under DOC jurisdiction were properly interpreted and that DOC "breached this duty by ignoring the language" of those statutes.[5] His false imprisonment claim is based on allegations that DOC lacked lawful authority to restrain him until his prison maximum expiration date.

The defendants moved for judgment on the pleadings under CR 12(c). Blick moved for partial summary judgment. The trial court considered evidence attached to both plaintiff's and defendants' motions, and converted the defendants' motion to a motion for summary judgment under CR 56 "because of the evidence submitted."[6] The trial court granted the defendants' motion, denied Blick's motion, and dismissed Blick's complaint with prejudice.

Blick appeals.

## DISCUSSION

This court reviews a trial court's summary judgment order de novo.[7] Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.[8]

We review questions of statutory interpretation de novo and our goal is to determine the intent of the legislature.[9] To determine the plain meaning of a sentencing

---

[5] Id. at 12.

[6] Id. at 287.

[7] Lybbert v. Grant County, 141 Wn.2d 29, 34, 1 P.3d 1124 (2000); McKee v. Washington State Dep't of Corrections, 160 Wn. App. 437, 446, 248 P.3d 115 (2011).

[8] CR 56(c).

[9] In re Pers. Restraint of Dalluge, 162 Wn.2d 814, 817-18, 177 P.3d 675 (2008).

4

statute, we look to the sentencing scheme as a whole and consider related statutes.[10]

Blick relies upon statutory provisions to claim that DOC wrongfully deprived him of 52 days of early release time he earned in jail. He argues that DOC should have transferred him to community custody 52 days before his prison sentence was due to end, even though he admits he did not have an approved release plan. His complaint alleges that if an inmate is unable to satisfy the requirement of obtaining an approved address before the prison maximum release date is reached, DOC has forfeited the inmate's early release credits earned under the jurisdiction of the county jail. He contends that this "violates the separation of the two good time statutory schemes for the different correctional facilities having jurisdiction."[11]

Washington law presumes that a prisoner will serve his or her complete sentence. RCW 9.94A.728 provides that "[n]o person serving a sentence imposed pursuant to this chapter and committed to the custody of [DOC] shall leave the confines of the correctional facility or be released prior to the expiration of the sentence" except for earned release time as provided by RCW 9.94A.729. Earned early release is an exception to the general rule that the prisoner serves the complete sentence in confinement.[12] Generally, "exceptions to statutory provisions are narrowly construed in order to give effect to legislative intent underlying the general provisions."[13]

---

[10] Id. at 818.

[11] Clerk's Papers at 4.

[12] "The statute prohibits early release absent existence of one of the statutory exceptions." State v. Rogers, 112 Wn.2d 180, 183, 770 P.2d 180 (1989).

[13] R.D. Merrill Co. v. Pollution Control Hearings Bd., 137 Wn.2d 118, 140, 969 P.2d 458 (1999).

The relevant statutes divide authority between the jail and DOC over the provision of jail earned early release credit and prison earned early release credit so that each institution may make decisions about awarding good time for time served in that institution.[14] This scheme is consistent with the legislative purpose of providing incentives for good behavior while in a particular institution.[15] However, the statutes make clear that the DOC program allowing community custody in lieu of earned early release is administered by DOC when the decision is made to release an inmate from prison to community custody.

RCW 9.94A.729 authorizes DOC to transfer offenders sentenced to community custody from total confinement to community custody in lieu of earned early release on DOC's approval of each offender's release plan:

> (5)(a) A person who is eligible for earned early release as provided in this section and who will be supervised by [DOC]. . . shall be transferred to community custody in lieu of earned release time;
>
> (b) *[DOC] shall, as a part or its program for release to the community in lieu of earned release, require the offender to propose a release plan that includes an approved residence and living arrangement. All offenders with community custody terms eligible for release to community custody in lieu of earned release shall provide an approved residence and living arrangement prior to release to the community;*
>
> (c) *[DOC] may deny transfer to community custody* in lieu of earned release time if [DOC] determines an offender's release plan, including proposed residence location and living arrangements, may violate the conditions of the sentence or conditions of supervision, place the offender at risk to violate the conditions of the sentence, place the offender at risk to reoffend, or present a risk to victim safety or community safety. *[DOC]'s authority under this section is independent of any court-ordered condition*

---

[14] In re Pers. Restraint of Williams, 121 Wn.2d 655, 661, 853 P.2d 444 (1993) (citing former RCW 9.94A.150 (1989), *recodified as* RCW 9.94A.728 (LAWS OF 2001, ch. 10, § 6)).

[15] Id. at 661-62.

*of sentence or statutory provision regarding conditions for community custody.*[16]

Our Supreme Court has held that RCW 9.94A.728 does not create a liberty interest in release from prison prior to the end of the sentence:

The permissive terms of the early release statute, "may become eligible" and "may deny transfer," do not require DOC to grant an offender early release to community custody. The statute does not create an expectation of release and cannot establish a liberty interest.[17]

Rather, an inmate's only right under the statute is the right to have DOC consider his proposed release plan.[18]

Blick argues that prior case law establishes that DOC may not take away earned release credit from an inmate if the credit was earned while under the jurisdiction of a county jail. But one fundamental flaw in Blick's argument is that he fails to demonstrate how jail earned early release credit trumps DOC's authority under RCW 9.94A.729(5)(b) and (c). RCW 9.94A.729(5)(c) allows DOC to deny Blick's transfer to community custody in lieu of earned release for his failure to provide an approved release plan. This court has previously held that it is the inmate's obligation to propose acceptable release plans early enough before the prison maximum expiration date to allow such a transfer to community custody to occur.[19]

---

[16] (Emphasis added.)

[17] In re Pers. Restraint of Mattson, 166 Wn.2d 730, 740, 214 P.3d 141 (2009).

[18] Id. at 741.

[19] In re Pers. Restraint of Crowder, 97 Wn. App. 598, 601, 985 P.2d 944 (1999).

"'Washington courts have implied only one limit on the substance of the DOC's exercise of discretion: it's reasons for denial must be legitimate.'"[20] The Ninth Circuit has noted the discretionary nature of RCW 9.94A.728:

> [T]he DOC has no "discretion to decide *whether* or *when* to consider an offender for transfer to community custody," [b]ut Washington law places no substantive limitation on *how* the DOC is to make that determination. . . . [RCW 9.94A.728(2)(d)] instructs that the DOC "may *deny* transfer to community custody if" one or more of those criteria are met. Far from setting forth "substantive predicates" under which the DOC *must* grant transfer, the statute is silent regarding even *precatory* criteria for granting transfer to community custody, specifying only when the DOC may—but need not—"deny."[21]

Blick identifies no statute exempting an offender from the requirement of obtaining an approved living arrangement under RCW 9.94A.729(5)(b). Nor does Blick identify any statute directing DOC to transfer an offender to community custody on what he refers to as his "county jail maximum release date," regardless of whether he has obtained an approved release address. Blick makes no showing of any duty on the part of DOC to release him to community custody without regard to these statutory conditions and does not contend he was denied due process.

Blick fails to establish that DOC breached "a duty to ensure that all statutes affecting the amount of time that a Class member would spend under its jurisdiction was properly interpreted," as alleged in his negligence claim.[22] Accordingly, the negligence claim was properly dismissed on summary judgment.

---

[20] Mattson, 166 Wn.2d at 742 (internal quotation marks omitted) (quoting Carver v. Lehman, 558 F.3d 869, 877 (9th Cir. 2009)).

[21] Carver, 558 F.3d at 875 (quoting In re Pers. Restraint of Liptrap, 127 Wn. App. 463, 111 P.3d 1227).

[22] Clerk's Papers at 12-13.

As to his false imprisonment claim, Blick fails to demonstrate that DOC acted without lawful authority. An imprisonment enacted pursuant to a valid legal process and court sentence is not false imprisonment.[23] Based on analogous facts, the United States District Court for the Western District of Washington dismissed similar claims of false imprisonment and negligence in Dailey v. Washington:

> Mr. Dailey's negligence claim requires him to show that [DOC] had a duty to release him early. Mr. Dailey has failed to establish any such duty. Likewise, Mr. Dailey's false imprisonment claim also requires that he establish that he had a right to early release. Mr. Dailey has failed to establish any such right.[24]

Blick similarly fails to establish either DOC's duty to release him early or his right to early release. We affirm the summary judgment dismissal of his lawsuit.[25]

WE CONCUR:

_____

_____   _____

---

[23] See Mundt v. United States, 611 F.2d 1257, 1259-60 (9th Cir. 1980).

[24] 2012 WL 380272, at *4 (W.D. Wash., 2012).

[25] Because we affirm the dismissal of Blick's claims on these grounds, we need not decide whether DOC's actions are entitled to discretionary immunity or quasi-judicial immunity, or whether Blick was required under the favorable termination doctrine to obtain a decision invalidating his restraint before bringing his tort.