IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| KENNETH LeROY STEPHENS, | ) | No. 31162-7-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF WASHINGTON, | ) | PUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

BROWN, J. – Kenneth Stephens appeals the trial court's order denying his motion for directed verdict (judgment as a matter of law) in his false imprisonment suit against the state of Washington. He contends the court erred in denying his motion, and additionally contends the evidence does not support the verdict. We disagree with Mr. Stephens' contentions, and affirm.

## FACTS

On September 3, 2006, the State charged Mr. Stephens with, among other things, second degree theft for removing a pay telephone coin box from a Yakima parking lot (cause no. 06-1-02170-9). He was confined for three days before his father posted bail. On October 28, 2006, while on bail, Mr. Stephens was arrested and charged with, among other things, second degree possession of stolen property for

shoplifting at a Yakima Shopko store (cause no. 06-1-02624-7). Mr. Stephens was held in the Yakima County Jail following this arrest for several days and then transferred to the Chelan County Jail due to outstanding warrants there. He was returned to Yakima County on November 16, 2007 to deal with his two pending felony cases there.

On February 6, 2007, Mr. Stephens pleaded guilty to one count of second degree theft in the ShopKo case. The court sentenced him to 17 months' imprisonment. The judgment and sentence states the 17 months was "consecutive with prior sentences." Clerk's Papers (CP) at 100. The court granted 15 days credit for jail time served in the 2007 judgment and sentence, the time between his October 28, 2006 arrest, and transfer to Chelan County to clear the other warrants.

Mr. Stephens remained confined in the Yakima County Jail after the February 6, 2007 sentencing because the earlier coin box case remained unresolved. On February 6, 2008, Mr. Stephens pleaded guilty to one count of possession of stolen property on the coin box case. The court sentenced him to 22 months. The judgment and sentence states the 22 months was to be "served consecutive with prior sentences." CP at 106. The court granted credit from November 16, 2008 plus three days (the three days he served in jail immediately following his arrest for the coin box theft on September 3, 2006, before posting bail).

On February 13, 2008, the Department of Corrections (DOC) transported Mr. Stephens to a processing point. The Yakima County Jail sent DOC certifications for jail time credit served and earned release time related to the jail time served on the two cause numbers so DOC could set Mr. Stephens' release date. In its initial certifications,

2

Yakima County granted Mr. Stephens 387 days credit for jail time served and 193 days of earned release time ("good time" credits) for total credits of 580 days earned while serving time on the 2007 ShopKo judgment and sentence. This resulted in him initially receiving jail credit off both sentences for his entire jail confinement between November 16, 2006 and February 13, 2008 when DOC received him into custody.

Following Mr. Stephens' transfer from the Yakima County Jail to DOC custody, DOC Auditor Wendy Stigall reviewed the two jail certifications for accuracy in order to set Mr. Stephens' early release date. As part of her audit, she discovered the Yakima County Jail had granted him credit for the entire amount of jail confinement between September 2006 and February 13, 2008, off the sentences in both cause numbers. This included the three days in September 2006, the 15 days served between October 28 and Mr. Stephens' return from Chelan County, and all jail time served after November 16, 2006, up to the date of transfer to DOC custody on February 13, 2008.

This double credit contradicted the consecutive provisions specified in the judgment and sentences contrary to *In re Personal Restraint of Costello*, 131 Wn. App. 828, 129 P.3d 827 (2006). DOC, therefore, eliminated all but 22 days credits on the 2007 sentence on the ShopKo case. The remaining 22 days represented credit for 15 days jail credit referenced in the judgment and sentence plus earned release time of 7 days for a total adjusted credit on this case of 22 days. Yakima issued an amended certification which reduced the credit on the 2007 judgment and sentence to 22 days from 580 days granted in the earlier certification. The elimination of the credits from the ShopKo case resulted in a January 8, 2009 early release date.

3

Mr. Stephens objected to the January 2009 release date. He requested credit for pretrial confinement and related good time off both sentences, arguing the sentencing judge had the final authority on early release time. He requested review of the 2007 judgment and sentence on the ShopKo case because DOC had removed the overlapping credits from that cause number even though the judge had specifically granted him earned release time and credit. On July 21, 2008, the sentencing court amended the February 6, 2007 judgment and sentence in the ShopKo case and granted 387 days of pretrial confinement credits, effectively restoring what DOC struck based on *Costello*. Our record does not contain the report of proceedings explaining the court's reasoning, but DOC notes state the court made the amendment because it intended "concurrent" credit time. CP at 53.

The court's amendment resulted in a retroactive release date of February 2008 (prior to Mr. Stephens' transfer to DOC custody). A copy of the sentencing court's order amending the judgment and sentence was received by DOC on July 23, 2008. Mr. Stephens was released two days later on July 25, 2008.

On February 4, 2010, Mr. Stephens sued the State for false imprisonment.[1] A jury trial followed. Both sides requested a directed verdict, arguing the issues were purely legal. The State asked the court to rule as a matter of law that the confinement was justified. Mr. Stephens asked the court to rule as a matter of law that he spent more days incarcerated than he should have. The jury decided the State did not

---

[1] He first unsuccessfully filed a claim with the State's risk management office as required under RCW 4.92.100.

4

"unjustifiably confine Kenneth Stephens, under the circumstances, beyond the period of time that it was legally entitled to confine him." CP at 216. Mr. Stephens appealed.

## ANALYSIS

The issue is whether the court erred in denying Mr. Stephens' directed verdict request. Mr. Stephens contends he should have been released in February 2008 for both offenses and keeping him confined until July 2008 was unlawful and thus, he argues substantial evidence does not support the jury's verdict.

We review a ruling on a motion for a directed verdict, using the same standard as the trial court. *Hizey v. Carpenter*, 119 Wn.2d 251, 272, 830 P.2d 646 (1992) (citing *Indus. Indem. Co. of Nw. v. Kallevig*, 114 Wn.2d 907, 915-16, 792 P.2d 520 (1990)). A directed verdict is appropriate if, as a matter of law, no substantial evidence or reasonable inference exists to sustain a verdict for the nonmoving party. *Harris v. Drake*, 152 Wn.2d 480, 493, 99 P.3d 872 (2004) (citing *Moe v. Wise*, 97 Wn. App. 950, 956, 989 P.2d 1148 (1999)). To establish false imprisonment, the plaintiff must show DOC acted without lawful authority and imprisonment was not enacted pursuant to a valid legal process. *Blick v. State*, 182 Wn. App. 24, 33, 328 P.3d 952 (2014) (citing *Mundt v. United States*, 611 F.2d 1257, 1259-60 (9th Cir. 1980)).

Under RCW 9.94A.729(1) county jail administrators must certify to DOC time spent in county jail custody and whether "good time" credits or earned release credit (typically one third of time served) are to be added to the jail credits for use by DOC in computing an offender's release date. In doing so, DOC auditors subtract jail time served and jail good time credit from the total sentence and then reduce that number by

5

one third. *Id.* Unless the sentence has been reduced, no person serving a sentence and who is committed to DOC's custody "shall leave the confines of the correctional facility or be released prior to the expiration of the sentence." RCW 9.94A.728.

In *Costello*, Division One of this court decided DOC, not the county jail, is the final arbiter of credit for pretrial confinement. 131 Wn. App. at 833. The *Costello* court concluded an offender is not entitled to duplicate pretrial confinement credit when the offender's sentences are ordered to be consecutive with other sentences. Mr. Costello was sentenced in 2001 to an 87-month sentence for eluding and a burglary (2001 sentence). He was sentenced in 2002 to a 57-month sentence for theft convictions, to run consecutive to the 2001 sentence. In mid-2002, Mr. Costello was transferred from the county jail to DOC. Before being transferred, he had spent a total of 472 days confined in county jail. The county jail credited the entire 472 days against the 2001 sentence and credited 317 days against his 2002 sentence. DOC refused to give effect to the county jail's application of time served against the 2002 sentence, choosing instead to solely credit Mr. Costello for the 472 days served against the 2001 sentence. The court denied his personal restraint petition, concluding he was not entitled to any credit on his 2002 sentence under former RCW 9.94.120(14) and because "[a]n award of credit for time served on the 2002 convictions that would credit Costello with any days that are also credited to the sentence on his 2001 convictions would unlawfully render the sentences partially concurrent." *Costello*, 131 Wn. App. at 834.

In *Mundt*, a federal case cited by Division One in *Blick*, 182 Wn. App at 24, the plaintiff was held in civil contempt and was later convicted of postal offenses in federal

court and sentenced to a two year term for the postal felonies. The district court ordered the sentences for the civil contempt and the felony offenses were to run consecutively. The Court of Appeals later reversed the district court and concluded the two year sentence for the felony convictions ran concurrently with the contempt confinement rather than consecutively resulting in Mr. Mundt being held 78 days beyond the two year sentence. The offender sued for false imprisonment after he was released. The Ninth Circuit, applying Arizona common law, affirmed the dismissal of the tort claim for false imprisonment holding the 78 days had occurred pursuant to valid legal process and was not unlawful. 611 F.2d at 1259. "Because the Corrections officials who continued to confine the offender 'were acting in good faith' and in the 'lawful performance' of their duty, the offender did not have a claim for unlawful imprisonment under these circumstances." *Id.*

In *Blick*, a recent case concerning an inmate who was transferred to community custody on his prison maximum expiration date rather than earned early release date 52 days earlier, Division One concluded, "As to his false imprisonment claim, Blick fails to demonstrate that DOC acted without lawful authority. An imprisonment enacted pursuant to a valid legal process and court sentence is not false imprisonment." 182 Wn. App. at 24.

Here, DOC received separate judgment and sentences, ordering consecutive sentences for Mr. Stephens and awarding ordered double credit, contradicting the consecutive provisions in the judgment and sentences contrary to *Costello*. DOC, therefore, eliminated all but 22 days credits on the 2007 sentence on the ShopKo case,

7

resulting in a December 30, 2008 early release date. The court then amended the 2007 judgment and sentence to specifically grant Mr. Stephens the credit. Mr. Stephens claims this was error resulting in unlawful confinement.

Considering Ms. Stigall's testimony regarding the sentencing corrections she made based on the two facially valid sentences and *Costello*, DOC properly set an early release date of January 8, 2009. The sentencing court's later sentencing amendment granting Mr. Stephen's request did not retroactively render DOC's initial calculations unlawful. After receiving the amended judgment and sentence, DOC was under a duty to release Mr. Stephens in a reasonable period of time, and did. *See Tufte v. City of Tacoma*, 71 Wn.2d 866, 870, 431 P.2d 183 (1967) (an initially lawful imprisonment may under some circumstances become unlawful when a jail "holds an individual for an unreasonable time after it is under a duty to release the individual."). DOC released Mr. Stephens within two days after the confinement became unlawful. *See Kellogg v. State*, 94 Wn.2d 851, 856, 621 P.2d 133 (1980) (release within one day of discovering mistaken identity was reasonable).

Thus, given our analysis, we conclude sufficient evidence shows DOC did not unlawfully confine Mr. Stephens because it acted reasonably under RCW 9.94A.729 and *Costello* to establish the offender's release date. Therefore, Mr. Stephens fails to demonstrate DOC acted without lawful authority. Mr. Stephens' imprisonment under valid legal processes is not false imprisonment. Accordingly, the court did not abuse its discretion or legally err in denying Mr. Stephens' directed verdict request.

No. 31162-7-III
*Stephens v. State*

Any potential error at the trial level would be the court's denial of the State's request for directed verdict; that potential error would be harmless though since the jury came to the same conclusion. *See Saldivar v. Momah*, 145 Wn. App. 365, 401, 186 P.3d 1117 (2008) (an error is harmless if no reasonable probability the outcome of the trial would have been materially affected had the error not occurred).

Affirmed.

Brown, J.

WE CONCUR:

Siddoway, C.J.

Lawrence-Berrey, J.

9