# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint Petition of | No. 48171-5-II |
| James Stephen Coon, Jr. | |
| Petitioner. | UNPUBLISHED OPINION |

WORSWICK, P.J. — James Coon, Jr. seeks relief from personal restraint following his 2013 convictions of second degree unlawful possession of a firearm, felony harassment, and failure to register as a sex offender. He claims (1) the Department of Corrections (DOC) is increasing his term of punishment by retaining him in prison past his early release date, (2) the sentencing court erred in calculating his offender score, and (3) the combination of his confinement term and community custody term unlawfully exceeds the statutory maximum sentence. We hold that (1) petitioner has failed to show that the DOC did not credit him with community custody time while he was awaiting release, (2) the sentencing court properly calculated his offender score, and (3) the sentencing court must correct petitioner's sentence for failing to register as a sex offender so it does not exceed the statutory maximum. Thus, we grant this petition in part and remand for correction of petitioner's judgment and sentence for failure to register as a sex offender.

Petitioner pleaded guilty on February 26, 2013, to the above noted offenses. Response at App. A and C. The sentencing court imposed 43 months of incarceration to be served

concurrently and 36 months of community custody.[1]  Response at App. A.  In calculating

petitioner's offender score, the sentencing court counted two points for the current offenses as

directed under RCW 9.94A.525 and RCW 9.94A.589.

On July 17, 2015, petitioner had served his confinement time and reached his early

release date.  Petition at 4.  Nonetheless, because of notification requirements, the DOC did not

release petitioner to the community until August 24, 2015.  *See* Felony Offender Reporting

System, DOC No. 746939.  On September 16, 2015, petitioner filed a habeas corpus petition in

Grays Harbor Superior Court and that court transferred the petition to this court for consideration

as a personal restraint petition.  Petition, at 2-3.  On October 5, 2015, we accepted that transfer

and opened this as a personal restraint petition.

(1) Release from Confinement

Petitioner first claims that the DOC violated his constitutional rights by not releasing him

to community custody on his earned release date.  But petitioner has failed to sustain his burden

on this claim.

A personal restraint petition must include as grounds for the requested relief a statement

of the facts supporting the claim of unlawful restraint and the evidence available to support these

factual allegations.  RAP 16.7(a)(2); *In re Pers. Restraint of Williams*, 111 Wn.2d 353, 365, 759

P.2d 436 (1988).  The petitioner must state with particularity facts that, if proven, would entitle

him to relief, and he must present evidence showing that his factual allegations are based on

---

[1] Petitioner's judgment and sentence for failing to register as a sex offender imposes 43 months' incarceration and 36 months' community custody.  Pierce County Case No. 12-1-03457-7, Petition at App. A.  Petitioner's judgment and sentence for unlawful possession of firearm and felony harassment imposes 43 months' incarceration only.  Pierce County Case No. 13-1-00324-6.  Petition at App. C.

more than speculation and conjecture.  *In re Pers. Restraint of Rice*, 118 Wn.2d 876, 886, 828 P.2d 1086, *cert. denied*, 506 U.S. 958 (1992).  Where the petition relies on conclusory allegations, this court must decline to determine its validity.  *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 813-14, 792 P.2d 506 (1990).

RCW 9.94A.729(5)(a) directs the DOC to transfer a prisoner to community custody in lieu of early release when that prisoner will be subject to supervision.  Petitioner asserts, without any evidence, that the DOC did not follow this statute but instead arbitrarily increased his term of confinement until it could satisfy the statutory notification requirements required before release to community custody.  But without evidence to support this assertion, petitioner's claim fails.  We assume the DOC followed the statutory dictates and properly credited petitioner's additional prison time against his term of community custody.  *See Blick v. State*, 182 Wn. App. 24, 31-32, 328 P.3d 952 (2014) (DOC can deny early release if statutory requirements are not satisfied); *In re Pers. Restraint of Crowder*, 97 Wn. App. 598, 601, 985 P.2d 944 (1999) (release 101 days after early release date proper).  On this issue, petitioner fails to show unlawful restraint.

(2)  Offender Score Calculation

Petitioner claims that the sentencing court erred in counting his second degree unlawful possession of a firearm and felony harassment offenses when calculating his offender score for his failure to register as a sex offender conviction.  He reasons that his sex offender registration violation occurred on May 11, 2012, before his other violations on January 22, 2013, and, therefore, they should not have been included in his offender score calculation.

But petitioner is mistaken. RCW 9.94A.525 instructs the sentencing court to count all prior and current offenses in the offender score. A prior conviction is one that existed before the current sentencing date. RCW 9.94A.589. Current offenses are those entered or sentenced on the same date. Here, even though petitioner committed his offenses on different dates, his convictions were entered and sentenced on the same date. Petitioner fails to show any error and therefore fails to show unlawful restraint.

(3) Statutory Maximum Sentence

Petitioner claims that the sentencing court erred in imposing 36 months' community custody and 43 months' incarceration for his failure to register as a sex offender conviction because the combined total exceeds the statutory maximum sentence of 60 months for a class C felony. The State concedes error and we accept its concession.

RCW 9A.20.21(1)(c) limits the maximum sentence that a sentencing court may impose for a class C penalty to 60 months of confinement. Because petitioner had only one prior conviction for failing to register as a sex offender, his conviction for that offense is a class C felony. RCW 9A.44.132(1)(a)(ii). Because petitioner's total sentence exceeds the statutory maximum allowed, it renders that judgment and sentence facially invalid. *State v. Bruch*, 182 Wn.2d 854, 866, 346 P.3d 724 (2015) (sentencing court must reduce period of community custody so as not to exceed statutory maximum sentence); *In re Pers. Restraint of Snively*, 180 Wn.2d 28, 30, 32,320 P.3d 1107 (2014) (in an otherwise untimely petition, the relief allowed for facial invalidity is correction of the sentence, not withdrawal of a plea). Here, the sentencing court must reduce petitioner's community custody term from 36 to 17 months.

4

48171-5-II

We grant this petition in part and remand for correction of petitioner's judgment and sentence for failing to register as a sex offender.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Bjorgen, J.

_____
Melnick, J.