IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| MATTHEW T. WATKINS, | ) | |
| | ) | No.  39482-4-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WASHINGTON STATE DEPARTMENT | ) | UNPUBLISHED OPINION |
| OF CORRECTIONS, | ) | |
| | ) | |
| Respondent. | ) | |

COONEY, J. — Matthew Watkins sued the Department of Corrections (DOC),

claiming he was falsely imprisoned when DOC confined him beyond his 120-month

sentence.  Following competing motions for summary judgment, the trial court dismissed

Mr. Watkins' complaint.  Because of disputed material facts, we reverse.

BACKGROUND

On April 25, 2012, Mr. Watkins pleaded guilty to attempted first degree kidnapping (count I) and second degree assault (count II). The court sentenced Mr. Watkins to 111.75 months on count I and 63 months on count II. The sentences were to run concurrently. The court further imposed a 36-month firearm enhancement on count II, to be served consecutive to the other sentences. The judgment and sentence provided, "Actual number of months of total confinement ordered is: 120 months." Clerk's Papers (CP) at 143. The relevant portion of the judgment and sentence reads:

**IV. SENTENCE AND ORDER**

IT IS ORDERED:

4.1　**Confinement.** The court sentences the defendant to total confinement as follows:

(a)　**Confinement.** RCW 9.94A.589. A term of total confinement in the custody of the Department of Corrections (DOC):

111.75 ~~120~~ (months) on Count No. I ;

63 ~~84~~ (months) on Count No. II ;　+36 months　120 mnth

_____ (months) on Count No. _____.

[ ] The confinement time on Count(s)_____ contain(s) a mandatory minimum term of _____.

[√] The confinement time on Count ____II____ includes _____ months as enhancement for [√] firearm [ ] deadly weapon [ ] sexual motivation [ ] VUCSA in a protected zone [ ] manufacture of methamphetamine with juvenile present [ ] sexual conduct with a child for a fee..

Actual number of months of total confinement ordered is:___120 month___

CP at 143.[1]

_____

[1] The first notation of "120 months" is outré as "63 (months) on count No. II; +36 months" totals 99 months rather than 120 months. CP at 143.

DOC received Mr. Watkins into its custody on May 3, 2012, and promptly calculated his total term of confinement. DOC noted that under RCW 9.94A.533, the 36-month firearm enhancement had to be served consecutive to all other sentencing provisions. Accordingly, DOC determined Mr. Watkins' total term of confinement was 147.75 months.[2] DOC's calculation of 147.75 months conflicted with the two notations in the judgment and sentence that the total term of confinement was 120 months. To resolve the discrepancy, on May 31, 2012, DOC contacted the Spokane County Prosecuting Attorney's Office (Prosecutor). In part, DOC requested the Prosecutor seek an amended judgment and sentence from the trial court. The Prosecutor did not respond to DOC's request.

Nearly six years later, on February 9, 2018, DOC sent an e-mail to the Prosecutor and Mr. Watkins' attorney. DOC again noted that, under RCW 9.94A.533, the firearm enhancement had to be served consecutive to the other sentences. DOC further claimed that, per the decision in *State v. Thomas*, 150 Wn.2d 666, 668-69, 80 P.3d 168 (2003), the statutory maximum for a single crime may be inapplicable when an offender is confined for multiple offenses. *Id*.

Mr. Watkins' attorney responded to DOC, writing:

To be clear, it was the Court's intent and the parties' negotiated resolution that Mr. Watkins serve only the statutory maximum of 120 months.

---

[2] 111.75 months of confinement followed by the 36-month firearm enhancement.

3

> Rather than risk any further confusion I'll end there. Please let me know if you need anything further.

CP at 60. On February 12, the Prosecutor responded, "The sentence cannot extend beyond the Statutory Maximum of 10 years as both are class B felonies." CP at 59. Lorraine Crevier, a DOC employee, forwarded the responses to other DOC employees asking, "Does this give me authorization to change his sentence to 120 months total? Thanks." CP at 59.

On February 27, DOC sent another e-mail to the Prosecutor and Mr. Watkins' attorney stating, "Per direction from DOC HQ Records, please submit an amended [judgment and sentence]. Sorry for the inconvenience. Thank you." CP at 58. On October 1, 2020, the Prosecutor and Mr. Watkins' attorney presented an agreed order to the trial court that clarified Mr. Watkins' total term of confinement was 120 months.

On January 14, 2021, over eight years after DOC's first request, an amended judgment and sentence was entered that reduced Mr. Watkins' sentence on count I from 111.75 months to 84 months. This altered Mr. Watkins' earned release date from October 16, 2022, to September 17, 2020. It further altered Mr. Watkins' maximum exit date from August 22, 2023, to May 1, 2021. The amended judgment and sentence ordered Mr. Watkins to be placed on community custody for 36 months on count I and 18 months on count II, provided the combined term of confinement and community custody not exceed 10 years.

Upon receipt of the amended judgment and sentence, DOC processed Mr. Watkins for release. This required DOC to approve Mr. Watkins' plans for housing and provide notice of his release to the victim and law enforcement. Notice was sent to the victim and law enforcement on January 28, 2021. DOC's policies precluded Mr. Watkins from being released until the passing of 35 days after notice to the victim and law enforcement. Mr. Watkins' release plan was approved on February 16, 2021. Mr. Watkins was released from prison on March 4, 2021.

Following his release, Mr. Watkins sued DOC claiming false imprisonment. Mr. Watkins moved for partial summary judgment on the issue of liability. DOC moved for summary judgment dismissal of Mr. Watkins' claim. After considering the competing motions, the trial court granted DOC's motion, concluding the "matter is ripe for summary judgment" because there "are no genuine issues of any material fact." Rep. of Proc. (RP) at 36. Mr. Watkins' complaint was dismissed. Mr. Watkins appeals.

ANALYSIS

On appeal, Mr. Watkins argues that the trial court erred in granting DOC's motion for summary judgment. He requests we reverse the trial court's order of dismissal and, on remand, direct the trial court to grant his motion for partial summary judgment on the issue of liability. Because genuine issues of material fact are present, we reverse the order dismissing Mr. Watkins' claim and decline to order partial summary judgment in his favor on the issue of liability.

5

The summary judgment procedure is designed to avoid the time and expense of an unnecessary trial. *Maybury v. City of Seattle*, 53 Wn.2d 716, 719, 336 P.2d 878 (1959). Orders on summary judgment are reviewed de novo. *Keck v. Collins*, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). In deciding a summary judgment motion, the court must consider the evidence and all reasonable inferences from the evidence in the light most favorable to the nonmoving party. *Id.* (citing *Folsom v. Burger King*, 135 Wn.2d 658, 663, 958 P.2d 301 (1998)). "[W]hen reasonable minds could reach but one conclusion, questions of fact may be determined as a matter of law." *Hartley v. State*, 103 Wn.2d 768, 775, 698 P.2d 77 (1985).

Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Keck*, 184 Wn.2d at 370. "A material fact is one upon which the outcome of the litigation depends in whole or in part." *Atherton Condo. Apt.-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co.*, 115 Wn.2d 506, 516, 799 P.2d 250 (1990). In response to a motion for summary judgment, the nonmoving party may not rely on speculation or having its own affidavits accepted at face value. *Seven Gables Corp. v. MGM/UA Entm't Co.*, 106 Wn.2d 1, 13, 721 P.2d 1 (1986). Instead, the nonmoving party must put "forth specific facts that sufficiently rebut the moving party's contentions and disclose that a genuine issue as to a material fact exists." *Id.* An appellate court may affirm summary judgment on any basis supported by the record. *Swinehart v. City of Spokane*, 145 Wn. App. 836, 844, 187 P.3d 345 (2008).

6

DOC'S MOTION FOR SUMMARY JUDGMENT

To succeed on a claim for false imprisonment against DOC, a plaintiff must establish that DOC acted without lawful authority and that the imprisonment was not enacted pursuant to a valid legal process. *Stephens v. State*, 186 Wn. App. 553, 558, 345 P.3d 870 (2015) (citing *Blick v. State*, 182 Wn. App. 24, 33, 328 P.3d 952 (2014)). DOC is bound by a judgment and sentence, even if it is erroneous, and lacks the authority to either correct or ignore the judgment and sentence. *Dress v. Dep't of Corr.*, 168 Wn. App. 319, 328, 279 P.3d 875 (2012); *In re Pers. Restraint of Gronquist*, 192 Wn.2d 309, 323, 429 P.3d 804 (2018). An erroneous judgment and sentence can only be corrected by the trial court. *Dress*, 168 Wn. App. at 325-26 (citing *In re Pers. Restraint of Davis*, 67 Wn. App. 1, 9, 834 P.2d 92 (1992)). Consequently, DOC acts without lawful authority when it corrects or ignores a judgment and sentence. *Id.* at 329.

Should DOC perceive any errors of law in a judgment and sentence, it may petition for review with the Court of Appeals. RCW 9.94A.585(7). The review shall be limited to errors of law, and the petition must be filed within 90 days after DOC has actual knowledge of terms of the sentence. *Id.* The petition must also include a certification by DOC that all reasonable efforts to resolve the dispute at the superior court have been exhausted. *Id.*

If DOC follows the plain language of a judgment, and that judgment was enacted pursuant to a valid legal process and court sentence, then DOC has not falsely imprisoned

7

an offender. *Blick*, 182 Wn. App. at 33. Therefore, even if a judgment and sentence is erroneous and later corrected, provided that DOC was acting in good faith and in the lawful performance of its duty, DOC will not be liable for false imprisonment. *Stephens*, 186 Wn. App. at 560 (citing *Mundt v. United States*, 611 F.2d 1257, 1259 (9th Cir. 1980)).

However, an initially lawful imprisonment may become unlawful if an individual is held for "an unreasonable amount of time after [DOC] is under a duty to release the individual." *Id.* at 561 (citing *Tufte v. City of Tacoma*, 71 Wn.2d 866, 870, 431 P.2d 183 (1967)). Thus, DOC does not act with lawful authority if, after receiving an amended judgment and sentence, it continues to hold an offender for more than a reasonable amount of time. What is considered a reasonable amount of time has varied ranging from as low as 1 day to as high as a 101 days. *Kellogg v. State*, 94 Wn.2d 851, 854, 621 P.2d 133 (1980); *In re Pers. Restraint of Crowder*, 97 Wn. App. 598, 599, 985 P.2d 944 (1999).

Mr. Watkins claims DOC ignored the plain language of the judgment and sentence by calculating his total term of confinement at 147.75 months rather than the 120 months listed in the judgment and sentence, thereby falsely imprisoning him beyond his earned release date of September 17, 2020. According to Mr. Watkins, if DOC believed the trial court imposed an erroneous sentence it should have sought review with the Court of Appeals. DOC contends that, in conformity with *Thomas*, 150 Wn.2d at 671, it followed

the plain language of the judgment and sentence when it calculated Mr. Watkins' term of confinement.

As we held in *Dress*, "[t]he relevant case law is clear that DOC has no authority to correct or ignore a final judgment and sentence, even if [that sentence] is erroneous." 168 Wn. App. at 328. Under this standard, the evidence before us exposes the presence of genuine issues of material fact. Specifically, material questions linger as to whether DOC disregarded the 120-month maximum term of confinement contained in the judgment and sentence, whether DOC attempted to correct the judgment and sentence when it calculated Mr. Watkins' term of confinement at 147.75 months, and whether DOC failed to act in good faith when it neglected to timely seek judicial review under RCW 9.94A.585(7). We will address these three questions in turn.

Mr. Watkins has presented sufficient evidence to create a genuine issue of material fact that DOC ignored the maximum term of confinement contained in the judgment and sentence. In section 4.1 of the judgment and sentence, the trial court twice noted Mr. Watkins' total term of confinement was 120 months. Although the first 120-month entry may be a mathematical error, the second entry is clear—the trial court ordered "[a]ctual number of months of total confinement ordered is: 120 months." CP at 143. DOC became aware of the maximum sentence when it accepted Mr. Watkins into its custody in May 2012. As will be discussed below, had DOC honored the 120-month maximum, Mr.

Watkins' early release date would have been September 17, 2020. DOC did not release him from custody until March 4, 2021.

The second issue of material fact is closely related to the first. Rather than adhering to the 120-month maximum term of confinement, DOC calculated Mr. Watkins' total term of confinement at 147.75 months. DOC is bound by a judgment and sentence, even if it is erroneous, and lacks the authority to correct it. By designating a term of confinement 27.75 months greater than what the trial court ordered, a question exists as to whether DOC attempted to correct a perceived erroneous judgment and sentence.

The third question of material fact is found in DOC's alleged failure to seek judicial intervention under RCW 9.94A.585(7). Rather than correct a perceived erroneous judgment and sentence or ignore its provisions, DOC may seek judicial intervention under RCW 9.94A.585(7). RCW 9.94A.585(7) was "'designed to alleviate the dilemma previously facing DOC: enforcing what it considers to be an unlawful sentence or ignoring the sentence imposed by the trial court.'" *Dress*, 168 Wn. App. at 326-27 (quoting *In re Sentence of Hilborn*, 63 Wn. App. 102, 104, 816 P.2d 1247 (1991)). "Such petition shall be filed with the [C]ourt of [A]ppeals no later than ninety days after the department has actual knowledge of terms of the sentence." RCW 9.94A.585(7).

DOC received Mr. Watkins into its custody on May 3, 2012. DOC promptly reviewed the judgment and sentence, calculated Mr. Watkins' term of confinement, and

discovered the conflict between the 120-month maximum and its calculated term of 147.75 months. In an attempt to clarify the conflicting durations, on May 31, 2012, DOC contacted the Prosecutor. The Prosecutor failed to respond to DOC.

DOC delayed nearly six years before readdressing the issue. On February 9, 2018, DOC sent another e-mail to the Prosecutor. In response, the Prosecutor wrote, "The sentence cannot extend beyond the Statutory Maximum of 10 years as both are class B felonies." CP at 59. On February 27, 2018, DOC again e-mailed the Prosecutor requesting an amended judgment and sentence. The amended judgment and sentence was not entered until January 14, 2021.

DOC had notice of the potentially erroneous judgment and sentence within days of accepting Mr. Watkins into its custody in May 2012. In adherence to the statute, DOC made reasonable efforts to resolve the dispute at the superior court level by contacting the Prosecutor. Instead of seeking judicial review within 90 days, as required by the statute, DOC waited nearly six years before attempting to resolve the conflict. Thus, a material question exists as to whether DOC failed to act in good faith and in the lawful performance of its duties when it purportedly failed to timely file a petition under RCW 9.94A.585(7). Because genuine issues of material fact are present, we reverse the trial court's order of dismissal.

11

MR. WATKINS' MOTION FOR SUMMARY JUDGMENT

On remand, Mr. Watkins requests we direct the trial court to enter judgment in his favor on the issue of liability. Because questions of material fact linger, we decline his request.

There exists a general presumption that offenders will serve their complete sentences. *Blick*, 182 Wn. App. at 29. RCW 9.94A.728 provides:

> (1) No incarcerated individual serving a sentence imposed pursuant to this chapter and committed to the custody of the department shall leave the confines of the correctional facility or be released prior to the expiration of the sentence except as follows:
> (a) An incarcerated individual may earn early release time as authorized by RCW 9.94A.729.

Accordingly, earned early release is an exception to the general presumption. *Id*.

"The earned release time shall be for good behavior and good performance, as determined by the correctional agency having jurisdiction." RCW 9.94A.729(1)(a). DOC shall make its earned release determinations "in accordance with procedures that shall be developed and promulgated by the correctional agency having jurisdiction in which the offender is confined." *Id*. In doing so, DOC has wide latitude in developing the standard of eligibility. *In re Pers. Restraint of Mattson*, 166 Wn.2d 730, 739, 214 P.3d 141 (2009). Once DOC has determined an individual is eligible for earned early release to community custody, the obligation shifts to the offender to propose a release plan. *Id.* Thus, the permissive nature of the early release statute does not create a

12

requirement that DOC release an offender on their earned release date, nor does it create an expectation that the offender shall be released on that date. *Id.* at 740. "The statute does not create an expectation of release and cannot establish a liberty interest." *Id.*

After an offender's eligibility for early release has been determined, DOC may deny an offender's transfer to community custody if DOC determines an offender's release plan would present a risk to the victim, the community, or present a risk that the offender may violate the law. *Id.* at 739. The only limitation placed on DOC's discretion for denying early release is that the basis for doing so be legitimate. *Id.* at 742. Accordingly, if DOC has a legitimate reason for denying earned early release of an offender, it is then permitted to hold the offender until their maximum exit date, or until a valid release plan is approved. *Blick*, 182 Wn. App. at 32.

Here, there remains a genuine issue of material fact as to when Mr. Watkins should have been released. It could have been as early as September 17, 2020, his earned early release date following the amendments to the judgment and sentence, or as late as May 1, 2021, his maximum exit date under the amended judgment and sentence. Based on DOC's internal procedures prohibiting the release of an offender within a 35-day period of notice being sent to the victim and law enforcement, coupled with the requirement that an offender have an approved release plan, when Mr. Watkins should have been released is a question for the finder of fact.

## CONCLUSION

We reverse the order of dismissal, deny Mr. Watkins' request for partial summary judgment, and remand for further proceedings.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Cooney, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Staab, J.